622

776 P.2d 551

**In the Matter of Michael D. C'de BACA An Attorney Admitted to Practice before the Courts of the State of New Mexico.**

No. 18460.

Supreme Court of New Mexico.

July 5, 1989.

Charles A. Wyman, Albuquerque, for the Disciplinary Bd.

Charles R. Finley, Albuquerque, for respondent.

## OPINION

PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316, wherein attorney Michael D. C'de Baca was found to have committed various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805. We adopt the Disciplinary Board's findings of fact and conclusions of law and recommendation with some modification and suspend C'de Baca from the practice of law for a period of six (6) months pursuant to Rule 17–206(A)(2).

The disciplinary charges in this matter arose out of C'de Baca's conduct during his personal bankruptcy proceedings. In August 1988, C'de Baca filed a Chapter 13 petition in bankruptcy on his own behalf as a debtor. Thereafter, C'de Baca received notice that a creditors' meeting would be held on October 5, 1988, and that he was required to attend or to seek a continuance pursuant to the local rules of the Court.

C'de Baca failed to attend that creditors' meeting and failed to follow the proper procedure to obtain a continuance. The bankruptcy judge subsequently dismissed the bankruptcy proceedings "for willful failure of the Debtor to abide by Order of the Court or to appear before the Court in proper prosecution of the case." (Order of Dismissal entered October 28, 1988, in No. 13–88–01879RA of the United States Bankruptcy Court District of New Mexico).

Prior to the dismissal, C'de Baca appeared for his deposition in connection with a creditor's Rule 2004 examination. During that deposition, C'de Baca knowingly gave false statements under oath concerning the reasons for his previous failure to appear at the creditors' meeting.

In his answer to the specification of charges filed in this matter, C'de Baca admitted that the foregoing actions violated the following Rules of Professional Conduct: (1) Rule 16–303(A)(4) in that he knowingly offered into evidence his own sworn statements that he knew to be false; (2) Rule 16–304(C) in that he knowingly disobeyed an obligation under the rules of a tribunal; (3) Rule 16–401(A) in that during the course of representing himself, he knowingly made a false statement of material fact to

a third person; (4) Rule 16–804(C) in that he engaged in conduct involving dishonesty or misrepresentation; (5) Rule 16–804(H) in that he engaged in conduct that adversely reflects on his fitness to practice law.

Perhaps because the above dishonest conduct so blatantly violates the public's trust in those to whom the Court has granted a license to practice law, the Disciplinary Board found it unnecessary to explain its rationale for recommending to the Court that C'de Baca be suspended from the practice of law for a definite period not less than one year and further, that he be required to pay the costs of the disciplinary proceedings within sixty (60) days of the order suspending him. The evidence before the Court also shows that C'de Baca received a formal reprimand in September 1987 for willful failure to appear before a tribunal. In this respect, the present professional misconduct is quite similar to the prior misconduct for which C'de Baca was disciplined in 1987.

Under these circumstances, we agree with the Disciplinary Board that a definite period of suspension with payment of disciplinary costs is necessary; however, the period of suspension should be modified from not less than one (1) year to a period of six (6) months with automatic reinstatement.

IT IS THEREFORE ORDERED that Michael D. C'de Baca be and hereby is suspended from the practice of law for a period of six (6) months pursuant to SCRA 1986, 17–206(A)(2), effective immediately.

IT IS FURTHER ORDERED that C'de Baca be and hereby is assessed the costs of these proceedings in the amount of $303.74, which shall be paid to the Disciplinary Board within sixty (60) days of the entry of this order.

IT IS FURTHER ORDERED that within ten (10) days of the filing of this order, C'de Baca shall file with the Court evidence of his compliance with all the requirements of SCRA 1986, 17–212, and serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED pursuant to SCRA 1986, 17–213(A), that Thomas L. Popejoy, Jr., Esq. be and hereby is designated to inventory all of C'de Baca's open files and take such action as is deemed appropriate to protect the interests of the clients and of C'de Baca. Any reasonable costs incurred by Mr. Popejoy or by C'de Baca's clients as a result of this suspension also will be assessed against C'de Baca upon an appropriate showing and must be paid prior to reinstatement.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Michael D. C'de Baca from the roll of those persons permitted to practice law in New Mexico.

IT IS SO ORDERED.